## STATE v. ANDREWS.

An attorney at law, who demands and takes greater fees than the law allows in settlement of an action, returnable before a justice or police court, but not yet entered, is not liable to the penalty imposed by General Statutes, ch. 272, sec. 27, for taking illegal fees.

The doctrine of *Wilcox* v. *Bowers*, 36 N. H. 372, held applicable to actions returnable before justice or police courts.

INDICTMENT, charging that the defendant Andrews, on November 4, 1871, at Manchester, &c., " being an attorney at law, in the settlement and discharge of a certain civil action by him commenced and carried on in behalf of John C. Nichols, plaintiff, against Dennis F. Kearns, defendant, and the Stark Mills, trustee, dated on the thirty-first day of October last, and returnable to the police court of the city of Manchester aforesaid on the first Wednesday of December last, did demand and take of the said Kearns, as costs in said action, the sum of four dollars and fifty cents, the same being greater fees for services in said action than is allowed by law."

The defendant moved to quash the indictment on the ground that no crime or misdemeanor is therein charged; and the questions thus raised were reserved.

*Clarke, Attorney-General*, for the State.

The State expects to prove that Kearns was sixteen years old in August, 1871, and that the suit was brought to recover the sum of $3, being the balance of a livery stable bill contracted in the summer of 1870; that the respondent agreed with Nichols that he would make the collection without any costs to him, and that he claimed the costs of Kearns, and received them of him at the counting-room of the trustee (the boy being at the time in tears), to wit, $2 for the writ and $1.50 for the service of the same, the statute fees for the service being $1.08.

1. The statute of New Hampshire against extortion is unlike the English, and differs from that of any of the United States, so far as I have examined. It was first enacted in its present form in the Revised Statutes in 1842. The first change of the law of 1820, which was in substance the Massachusetts statute of 1795, was made in 1831. Gen. Stats. 550, sec. 27; Rev. Stats. 474, sec. 25; N. H. Laws 323, sec. 3; Laws of Mass., vol. 2, p. 321; Pamph. Laws of N. H., 1831, p. 33, sec. 1; Hawkins P. C., book 1, ch. 68.

2. The fee for a writ returnable to the police court, which may be demanded and taken of the defendant, is one dollar. The General Statutes were passed at one and the same time, and constitute one act. Gen. Stats. 38, 565; *Com.* v. *Goding*, 3 Met. 130.

It follows that sections 5 and 6 on page 548, and section 1 on page 425, are to be construed as parts of the same act. The fair construction of the whole is, that the legal fee for a justice writ that may be demanded and taken of the defendant, whether before or after entry, is one dollar. " At any time before the return day of the writ, the defendant may tender to the attorney who brought the action the amount of the debt and costs." Gen. Stats. 425 ; *Thurston* v. *Blaisdell*, 8 N. H. 367 ; *Carleton* v. *Whitcher*, 5 N. H. 289.

What are the costs which he may thus tender ?

Manifestly, the costs according to the fee bill; otherwise, the tender act is meaningless and of no avail. The terms " in the supreme court," " before a justice or police court," are used to designate the writ, complaint, &c. They are not to be taken literally, for costs are almost never taxed in that way. In *Wilcox* v. *Bowers*, 36 N. H. 372, and *Barker's Case*, 49 N. H. 195, the charges were against the plaintiff, which the defendant voluntarily paid. The implication is very strong in those cases that if the attorney had demanded them of the defendant as costs which he was bound to pay, he would have been guilty of an illegal act. In *Fox* v. *Whitney*, 33 N. H. 516, there was no demand or receipt by Whitney, the magistrate, of the attorney fees improperly charged in the bills of costs. In the case before the court, no charges were made against the plaintiff. The respondent demanded and took the costs of the defendant.

3. There are two classes of offences set forth in section 27 of the fee bill. The one is the demanding and taking a greater fee for any service than is allowed by law, and the other is the demanding and taking any fee to which he (any person) is not by law entitled. This is the peculiarity of our statute, and distinguishes it from that of Massachusetts, 1795, ch. 41, sec. 6, before referred to, which is in these words : " That if any person shall wilfully and corruptly demand and receive any greater fee or fees for any of the services aforesaid than are by this law allowed and provided, he shall forfeit and pay," &c. Our statute is broader, and was designed to cover a class of cases that the Massachusetts law did not reach. It had been decided in *Dunlap* v. *Curtis*, 10 Mass. 210, and in *Commonwealth* v. *Dennie*, Thacher's Cr. Cas. 165, that the latter statute does not provide for the case of fees being demanded of a person not liable to pay them, or if they are voluntarily paid by a person who is not liable to pay them, although the same may have been improperly and unjustly taken and accepted by the officer, and although in certain cases he may be punishable for the fraud at common law ; though in New York the contrary doctrine was held. In the *People* v. *Whaley*, 6 Cowen 661, SAVAGE, C. J., says,— " Extortion signifies, in an enlarged sense, any oppression under color of right. In a stricter sense, it signifies the taking of money by an officer by color of his office, either when none at all is due, or not so much due, or when it is not yet due,"—overruling the exception taken by the defendants' counsel that " it is not extortion unless received by the defendant as *fees* for his own use."

But our statute provides that "if any person shall demand and take any greater fee for any service than is allowed by law," &c., designing by the amendment to reach a class of offences that the original law did not cover, according to the adjudications in Massachusetts. "An indictment against several for extortion *colore officiorum* is good; for they might take so much, and afterwards divide it." Comyn's Dig., Extortion C.; 1 Russ. on Cr. 144 (Greaves's ed.).

Our statute covers the case of one who takes illegal fees for several, in a gross amount, and afterwards divides it among them.

4. The following, from the opinion of BELLOWS, C. J., in *Barker's Case*, is pertinent and suggestive: "The true doctrine is expressed in Bacon's Abr., Attorney H., thus: attorneys are officers of court, and liable to be punished in a summary way, either by attachment, or by having their names stricken out of the roll of attorneys, for any ill practice attended with fraud and corruption, and committed against the obvious rule of justice and common honesty; but the court will not be easily prevailed on to proceed in this manner, if it appears that the matter complained of was rather owing to neglect or accident than design, or if the party injured has other remedy provided by act of parliament or by action of law; and this doctrine is recognized in *Bryant's Case*, 24 N. H. 149."

*Sawyer & Sawyer, Jr.*, for the defendant.

There is no law in this State limiting the fees to be demanded and taken, by the plaintiff's attorney, in the voluntary settlement of the suit by the defendant. The provisions of section 27, chapter 272 of the General Statutes, page 550, have no application to such cases. They were enacted to protect the public against the extortion of the various public officers, whose fees for services in their official capacity are prescribed. That this section has that object is apparent from the context in the three sections following: the 28th, prescribing the mode of enforcing the penalty for the offence described in the 27th; the 29th, providing for written evidence against the officer offending; and the 30th, subjecting him to a penalty if he refuses to furnish such proof. In their terms, sections 27 and 29 are limited to persons "entitled by law to any fee," "taking a greater fee than is allowed by law," or "a fee to which they are not by law entitled." Justices of the peace and of police courts, clerks of the court, and town clerks, the secretary of State, registers of deeds, and other recording and certifying officers, sheriffs and their deputies, constables and coroners, and notaries public, are mentioned in the chapter—all public officers, elected or appointed under the law to perform specific official duties, which can be performed by no other person than such officer. And their fees for these services are established by law, and to those fees they are "entitled by law." No fees are established by law for any service to be rendered by an attorney. As such attorney he is not "entitled by law" to any fees within the meaning of sections 27 and 29. It is true

that the statute prescribes certain fees,—as, one dollar for the writ, one dollar in the supreme court for an attorney fee, &c., to be taxed in bills of cost " before the court " in making up judgments. But what has this to do with an attorney's demanding and taking, in the voluntary settlement of an action out of court, two dollars, or any other sum, for his services in making out the writ, or for his retainer in the cause, or for his services in appearing to prosecute or defend it ? The fee of one dollar, prescribed for the writ, or for the attorney fee in the taxation of a bill of costs " before the court," is not a fee ·to which the attorney is " by law entitled." That and all other items of taxation in a bill of costs are taxed for the benefit of the party, and when rendered in the judgment are his. *Fox* v. *Whitney*, 33 N. H. 516 ; *Wilcox* v. *Bowers*, 36 N. H. 372.

It may, perhaps, be claimed that the officer serving the writ may have taxed greater fees for the service than are allowed by law, and that the attorney, by demanding and taking those fees in the settlement of the action, is liable to the penalty. We contend that the indictment, if against the officer himself, could not be maintained. It alleges that the respondent demanded and took the illegal fees of Kearns, the defendant in the action. Neither the respondent in commencing or prosecuting the suit, nor the officer in serving the writ, was rendering a service for Kearns, but for Nichols. The demanding and taking the greater fee for the service than is allowed by law, to which the penalty attaches, must be a demanding and taking of the person for whom the service was rendered. How can one person demand and take a greater fee than is allowed by law of another against whom none is allowed? It is clearly implied that the demand for the greater fee must be upon him of whom the party demanding is entitled to receive the smaller. This provision of the General Statutes, subjecting to the penalty any person entitled by law to a fee who demands and takes more than the law allows, is a reënactment of the Stat. Westm. 1, ch. 26 (3 Edw. 1), and that statute was in affirmance of the common law. Com. Dig., Tit. Extortion ; Jacobs's Law Dict., Tit. Extortion.

It was enacted among the Provincial Laws in 1719—Prov. Acts 142 ; was reënacted in 1791 ; and again on the revision of the statutes in 1796, and on every subsequent revision, and has continued substantially unchanged. In England and in Massachusetts, where a similar statute has always existed, it is held applicable only to the cases of demanding and taking excessive fees for an official service— technical extortion. It is clear that in none of the reënactments of the statutes in this State was it intended to give it a wider scope than the original act of 3 Edw. 1. The offence aimed at is not the taking of greater fees than are just, but extorting illegal fees *colore officii.* Co. Litt., sec. 701, *b*, note, Extortioners ; *Dunlap* v. *Curtis*, 10 Mass. 210 ; *Runnells* v. *Fletcher*, 15 Mass. 525 ; Laws of Mass. 1795, ch. 41, sec. 6.

BELLOWS, C. J. The charge in the indictment does not allege that

the excessive fees were included in a bill of costs taxed before a justice or police court, but the time of the alleged commission of the offence was prior to the return day of the writ, and all the allegations are perfectly consistent with the fact that the action had never been entered ; and such is the construction to be given to the indictment. That being the case, the doctrine of *Wilcox* v. *Bowers*, 36 N. H. 372, is decisive against the prosecution. There the costs alleged to be illegal were paid by the defendant to the attorney before the entry of the action ; and the court held the attorney not liable to the penalty for taking illegal fees, upon the ground that the penalty was limited to the case of excessive fees charged in bills of cost taxed in court, and that the penalty is not incurred when the payment is voluntary before the entry of the action.

The action of *Wilcox* v. *Bowers* was brought under the Revised Statutes, which provided—ch. 229, sec. 5—that " The following fees shall be allowed in bills of costs taxed in the superior court or common pleas,"—" For the writ including the blank, one dollar ; " and then, in section 25, imposed a penalty of fifty dollars on any person who should demand and take any greater fee for any service than is allowed by law, or any fee to which he is not by law entitled ; and this being a penal statute, and to be construed strictly, could not be extended to the taking of fees not taxed in bills of costs in court, but voluntarily paid. These provisions are reënacted in the General Statutes, ch. 272, secs. 5 and 27 ; and in sec. 6 of the same chapter it is provided that " The following fees shall be allowed in each bill of costs taxed before a justice or police court,"—" For each writ, complaint, or plea, one dollar." So that the provision in respect to costs in a justice or police court are the same as they were in the superior court and court of common pleas, under which *Wilcox* v. *Bowers* was decided ; and the doctine applied in that case, when the suit in which the costs were taxed was in the court of common pleas, applies with the same force to the present case, and must govern it.

The counsel for the State urges that a defendant may tender to the plaintiff's attorney, at any time before the return day of the writ, the amount of the debt and cost, and claims that the amount of that cost must be determined by the fee bill. If this be so, it would not follow that the highly penal provision should be construed to embrace such a case, when it clearly does not come within the terms of the act ; and this provision, in respect to the tender before entry of the action, was considered by the court in *Wilcox* v. *Bowers.*

Upon these views, the indictment

                                        *Must be quashed.*